1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHERRY L. OPLIGER,                    )    Case No. EDCV 06-56 AN
                                      )
        Plaintiff,                    )    MEMORANDUM AND ORDER
                                      )
    v.                                )
                                      )
JO ANNE B. BARNHART,                  )
COMMISSIONER OF THE SOCIAL            )
SECURITY ADMINISTRATION,              )
                                      )
        Defendant.                    )
_____)

**I. INTRODUCTION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, this case is remanded for further proceedings pursuant to Sentence Four, and the Commissioner's request for an order affirming her final decision is denied.

In the JS, Plaintiff contends that: (1) the Administrative Law Judge ("ALJ") failed

Page 1

1   to properly consider the opinion of Plaintiff's treating provider, family nurse practitioner
2   Elaine Gackle, M.N., F.N.P.-C.; and (2) the ALJ failed to properly consider Plaintiff's
3   subjective complaints and credibility.   The Commissioner disagrees.

4          Nurse Practitioner Gackle's Opinion

5          Plaintiff has been receiving medical treatment from Nurse Practitioner Gackle at
6   the Arrowhead Regional Medical Center since 2001.  [Administrative Record ("AR") at
7   109-35.]   Nurse Practitioner Gackle diagnosed Plaintiff as suffering from advanced
8   degenerative joint disease of the cervical spine associated with spinal stenosis and severe
9   degenerative joint disease of the lumbar spine, and radiculopathy at C5-C6. [AR at 109.]
10  In a letter dated April 14, 2004, Nurse Practitioner Gackle reported that Plaintiff suffered
11  from severe pain, numbness and tingling in her upper extremities, had decreased activities
12  of daily living, and was precluded from lifting, bending or stooping.  [*Id.* at 109.]
13  Plaintiff had been taking chronic pain medications, participating in occupational and
14  physical therapy, and had a pending surgery with neurosurgery to repair her cervical
15  spine. [*Id.*]  Nurse Practitioner Gackle concluded that Plaintiff was unable to work due
16  to a decreased range of motion and the severity of her pain.  [*Id.*]

17         Plaintiff argues that the ALJ erred by failing to give specific and legitimate reasons
18  for rejecting the opinion of Nurse Practitioner Gackle.  *See, e.g., Holohan v. Massanari*,
19  246 F.3d 1195, 1202 (9th Cir. 2001) (setting out the weight to be given a treating
20  physician's opinion).   Under the current applicable regulations, however, Nurse
21  Practitioner Gackle does not qualify as a treating medical source even if she is part of an
22  interdisciplinary medical team. *See* 20 C.F.R. § 20 C.F.R. §§ 404.1513(d)(1)(describing
23  nurse practitioner as an "other source"), 416.913(d)(1)(same); *cf. Gomez v. Chater*, 74
24  F.3d 967, 971 (9th Cir.1996) (relying on former 20 C.F.R. § 416.913(a)(6), which has
25  since been revoked).   Nevertheless, even if Nurse Practitioner Gackle's opinion is
26  properly characterized as an "other source," the ALJ was still obligated to provide
27  germane reasons for rejecting Nurse Practitioner Gackle's opinion. *See, e.g., Dodrill v.*
28  *Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)(an ALJ may reject the testimony of an "other

source" by providing reasons germane to that witness). The ALJ noted that Nurse Practitioner Gackle's conclusion that Plaintiff was unable to work was a matter reserved for the Commissioner [AR at 18] but the ALJ did not give any reasons, let alone reasons that were germane, for rejecting Nurse Practitioner Gackle's aforementioned opinion. In particular, the ALJ did not state any basis for discounting Nurse Practitioner Gackle's findings as to Plaintiff's work restrictions, pain, and other symptoms. [AR at 109.] Under these circumstances, the ALJ's consideration of the medical evidence is not supported by substantial evidence.[1]

## II. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:      November 3, 2006      /s/ Arthur Nakazato
                                  ARTHUR NAKAZATO
                                  UNITED STATES MAGISTRATE JUDGE

---

[1]      Because the ALJ improperly rejected Nurse Practitioner Gackle's opinion, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). However, the Court recommends that the Commissioner consider all of Plaintiff's arguments when determining the merits of her case on remand.

Page 3